Jon G. Shadinger Jr, Esq.
Shadinger Law
160 Cumberland Ave
Estell Manor, NJ 08319
(609) 319-5399
js@shadingerlaw.com

**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and RONALD MOORE, Individually, | : : : | |
| | : | Case No. |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| KIMSCO, INC., a New Jersey Corporation, | : | |
| Defendant. | : | |
| _____ | : | |

**COMPLAINT**

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation,

and RONALD MOORE, Individually, on their behalf and on behalf of all other mobility impaired

individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, KIMSCO, INC.,

a New Jersey Corporation ("Defendant"), for Injunctive Relief, damages, attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD").

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1.      Plaintiff, RONALD MOORE, is an individual residing at 1002 Central Ave, New Providence, New Jersey 07974, in the County of Union.

2.      Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

3.      Defendant, KIMSCO, INC., holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4.      Defendant's property, also known as KFC Store ##D185003 ("KFC"), is located at 468 Brick Boulevard, Brick, NJ 08723, in the County of Ocean.

5.      Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7.      Plaintiff, RONALD MOORE is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Moore is paraplegic as the result of a spinal cord injury and uses a motorized wheelchair for mobility.

8.      Ronald Moore has visited the subject property that forms the basis of this lawsuit on several occasions and plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at the property.

9.     Plaintiff, Ronald Moore, has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 10.

10.     Plaintiff, THE INDEPENDENCE PROJECT, INC. is a non-profit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

11.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant's have been compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

12.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as KFC Store #D185003, and is located at 468 Brick Boulevard, Brick, NJ 08723.

13.     THE INDEPENDENCE PROJECT, INC. and RONALD MOORE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in

3

paragraph 16 of this complaint.

14.     Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  RONALD MOORE desires to visit KFC Store #D185003, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.     The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

16.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Defendant's property, KFC Store #D185003, has shown that violations of the ADA exist.  The following are violations that RONALD MOORE personally encountered during his several visits to the subject property:

**Parking and Exterior Accessible Route**

a.      Parking spaces provided by Defendant at the subject property are not maintained, lack adequate access aisles and are not on the closest most direct route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.  Mr. Moore was unable to freely exit his van due to a lack of access aisles.  On certain visits Mr. Moore would park away from the restaurant to ensure himself the space needed to freely enter and exit his van.

b.      Accessible parking provided by the Defendant leads to an improper curb ramp, violating Sections 402 and 406 of the 2010 Accessibility Standards.  The improper curb ramp

4

provided endangers the safety of Mr. Moore because it presents a tipping hazard and can cause damage to his motorized wheelchair.

     c.     The parking area provided by Defendant fails to provide a safe accessible route from the parking area to the entrance, violating Sections 502 of the 2010 Accessibility Standards.  While traveling from the parking area to the restaurant, Mr. Moore is forced to travel through traffic to reach the curb ramp, adding the danger of encountering automobiles.

     d.     The exterior accessible route at the subject property was found to contain cross slopes, abrupt changes of level and curb ramps with excessive slopes violating Sections 403.4 and 402 of the 2010 Accessibility Standards.  Mr. Moore is forced to travel through slopes and changes of level to reach the entrance, these conditions are present a tipping hazard.

     e.     Defendant fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Accessibility Standards.  The lack of an accessible route removes the option of using public transportation for Mr. Moore.

**Access to Goods and Services**

     f.     Defendant fails to provide an interior or exterior accessible table, violating Section 902 of the 2010 Accessibility Standards.  The lack of accessible tables has effected Mr. Moore's ability to dine comfortably while at the restaurant.

     g.     While attempting to enter KFC, Mr. Moore was impeded by abrupt changes of level and a lack of maneuvering clearance at the door, violating section 404 of the 2010 Accessibility Standards.  Due to the presence of these conditions Mr. Moore could not enter the restaurant without assistance nor without the fear of tipping together with the possibility of incurring damage to his motorized wheelchair.

**Restrooms**

     h.     Restrooms inside KFC were reported to be unsafe for use by Mr. Moore.  Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility, including incorrect signage and inaccessible water closets which lack proper height, violating Section 601 of the 2010 Accessibility Standards.  Due to improper signage Mr. Moore had difficulty locating an

accessible restroom.  Once inside Mr. Moore could not use the restroom, the improper water closet would not allow for proper maneuvering and/or transfer.

i.       Lavatories at KFC lack the required pipe-wrap and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards. Due to the foregoing conditions Mr. Moore was unable to safely approach and access the lavatory.

17.       Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

18.       The discriminatory violations described in paragraph 16 are not an exhaustive list of the Defendant's ADA violations.  Plaintiffs require thorough inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access that exist.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

19.       Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

6

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

21.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as

defined by the ADA.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter KFC and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

25.      Plaintiffs re-allege and incorporate by reference all allegations set forth in this Complaint as fully set forth herein.

26.      Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

27.      New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

28.      As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property, KFC Store #D185003.

29.      As a result of the aforementioned discrimination, Plaintiff RONALD MOORE has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

30.      Defendant's violation of the New Jersey Law Against Discrimination has caused Mr. Moore harm and, in the absence of the injunction sought herein, the violating conduct will continue

to cause him harm.

      **WHEREFORE**, Plaintiff, RONALD MOORE respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

                                  Respectfully submitted,

Dated:    January 17, 2017          /s/ Jon G Shadinger Jr.
                                      Jon G. Shadinger Jr., Esq.
                                      Shadinger Law
                                      NJ Attorney ID No. 036232017
                                      160 Cumberland Ave
                                      Estell Manor, NJ 08319
                                      (609) 319-5399
                                      js@shadingerlaw.com

                                    *Attorney for Plaintiffs, Ronald Moore and The Independence Project, Inc.*